UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH ADAM KOVACH, | ) | 1:08-cv-01430-JMD-HC |
| Petitioner, | ) ) ) | ORDER DENYING PETITION WITH PREJUDICE |
| v. | ) ) | ORDER DIRECTING CLERK TO ENTER JUDGMENT |
| D. SMITH, | ) ) | |
| Respondent. | ) ) | |

Petitioner Joseph Adam Kovach ("Petitioner") is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Factual and Procedural History**

On September 26, 2005, Petitioner committed the federal offense of felon in possession of a firearm. (Answer, Ex. 1, Attachment 4). Petitioner obtained possession of the firearm by stealing it. (Pet. at 2). Petitioner's act of stealing the firearm violated the terms of his parole with respect to a previous, unrelated state law offense. Accordingly, State officials arrested Petitioner on October 20, 2005, and Petitioner remained in the custody of the Jefferson County Sheriff until he was transferred to the custody of the Missouri Department of Corrections on October 26, 2005. (Answer, Ex. 1, Attachments 5, 6, 7, 8).

On May 1, 2006, a Missouri state court sentenced Petitioner to a nine-year term of confinement for stealing the firearm. (Id., Attachment 9).

///

On November 16, 2006, Petitioner was transferred temporarily to federal custody in connection with an indictment for his felon in possession offense. (Id., Attachment 10). Petitioner pleaded guilty, and the United States District Court for the Eastern District of Missouri sentenced Petitioner to seventy-two months incarceration, to be served concurrently with Petitioner's state sentences, on November 17, 2006. (Id., Attachment 4).

Petitioner returned to the custody of state authorities on November 28, 2006. (Id., Attachment 10). The State released Petitioner on parole to the custody of federal authorities on February 20, 2007. (Id., Attachment 7).

The Federal Bureau of Prisons ("BOP") computed Petitioner's term of confinement as commencing on November 17, 2006, the date on which the sentence was entered. Petitioner contends he is entitled to credit for time served in state custody prior to the imposition of his federal sentence.

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court, Eastern District of California on September 15, 2008. (Doc.1). Petitioner consented to have a United States Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c)(1) on October 6, 2008. (Doc. 7). Respondent consented to Magistrate Jurisdiction on October 28, 2008. (Doc. 13).

## Discussion

### I. Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. Habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims concerning the manner and execution of prisoner's sentence are properly asserted under section 2241. *E.g., Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *see also Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir.1998) (per curiam) (allowing a federal prisoner to use section 2241 to challenge the BOP's restitution policies). As Petitioner contends that his custody is contrary to federal law due to the

BOP's failure to afford him credit for time served as required by 28 U.S.C. § 3585(b), the Court has jurisdiction over Petitioner's claim pursuant to section 2241. At the time he filed the petition, Petitioner was incarcerated at the United States Penitentiary in Atwater, California, which is within the Eastern District of California; therefore, the Court has jurisdiction over this petition. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990).

## II.    Exhaustion

Ordinarily, federal prisoners must exhaust their judicial and administrative remedies before filing a habeas action in federal court. *See, e.g., Morrison Co.v. CHG International, Inc.*, 811 F.2d 1209, 1224 (9th Cir. 1987). However, as the exhaustion requirement is not jurisdictional, "application of exhaustion rules is a matter committed to the discretion of the district court." *Id.* (citations omitted). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004) (citations omitted). Lower courts are generally not free to address the underlying merits of a claim without first determining whether the exhaustion requirement has been satisfied or properly waived. *Id.*

Respondent concedes that Petitioner submitted an administrative appeal concerning the calculation of his term to the BOP's Office of General Counsel, the highest level of administrative review available to federal prisoners under BOP regulations. (Answer at 11); *see* 28 C.F.R. § 542.15. Petitioner's appeal was rejected as untimely. (Id.). Therefore, the Court finds that Petitioner has exhausted his administrative remedies. Respondent cites no authority in support of its implicit contention that Petitioner must attempt, repeatedly, to fully exhaust a claim that has already been denied by the BOP's Office of General Counsel. (*See* Answer at 11).

## III.    Petitioner's Claims

Petitioner contends that the BOP failed to afford him credit for time served in state custody prior to the imposition of his federal sentence and that the BOP's failure violates Petitioner's rights under the Eighth and Fifth Amendments of the United States Constitution. (Pet. at 3). The record reveals the Petitioner is not entitled to credit for time served in state custody.

The Attorney General, through the BOP, has responsibility for imprisoning federal offenders. *E.g., United States v. Wilson*, 503 U.S. 329, 333 (1992) (citing 18 U.S.C. § 3621(a)). The BOP is responsible for calculating the credit a federal prisoner is entitled to in accordance with the provisions of 18 U.S.C. § 3585. *Id.* at 334. Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b)(emphasis added). In drafting section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Time credited to a prisoner's state sentence cannot be credited to the prisoner's federal sentence. *See id.;* 18 U.S.C. § 3585(b); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curium) (applying the precursor to section 3585 and concluding that "since the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time.").

The record before the Court establishes that Petitioner received credit towards his state sentence for all of the time he spent in state custody prior to the commencement of his federal sentence. Attachment 7 to Respondent's Exhibit 1, entitled "Department of Corrections Adult Institutions Face Sheet," ("attachment 7") reveals that the State of Missouri calculated Petitioner's sentence as commencing on October 20, 2005, the date of Petitioner's arrest for the underlying offense. (Answer, Ex. 1, Attachment 7 at 3). It is clear that the State afforded Petitioner credit toward his state sentence for the all time he spent in custody between October 20, 2005, and his parole on February 20, 2007, as the State's calculated maximum release date of October 19, 2014 corresponds precisely with the nine-year sentence imposed for the underlying offense. (Id.). Had the State not credited Petitioner's sentence for any interval of time spent in custody between October 20,

2005 and February 20, 2007, the State could not have calculated October 19, 2014 as Petitioner's maximum release date. October 19, 2014, is nine years from October 20, 2005, the date employed by the State as the start date of Petitioner's nine-year sentence.

Attachment 7, which is dated February 23, 2007, reflects that Petitioner's State custody was not interrupted from the time he was received at Farmington Correctional Center until his release on February 20, 2007. (Id. at 2).[1] Accordingly, because the State credited all of the time Petitioner served in State custody toward his state sentence, Petitioner is not entitled to credit for such time against his federal sentence. *Wilson*, 503 U.S. at 337; 18 U.S.C. § 3585(b).

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. A certificate of appealability is unnecessary. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005); *White v. Lambert*, 370 F.3d 1002, 1010-1011 (9th Cir. 2004).

IT IS SO ORDERED.

**Dated:   August 17, 2009                         /s/ John M. Dixon**

---

[1] Attachment 7 does not list any interruption in state custody during November of 2006, when Petitioner was temporarily transferred to federal custody in connection with his indictment and conviction for the instant federal offense. The absence of an entry for Petitioner's November transfer in attachment 7 is consistent with the well-settled rule a state does not relinquish primary custody of a prisoner by transferring the prisoner to temporary federal custody in order to facilitate federal prosecution pursuant to a writ of habeas corpus *ad prosequendum*. *See, e.g., Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991).

1 UNITED STATES MAGISTRATE JUDGE

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28